IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PRAMCO CV 9, LLC

    Plaintiff

             v.

ELBA ROSA PESQUERA-SANCHEZ

    Defendant

**Civil No. 08-1625 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Defendant Elba Rosa Pesquera-Sanchez's ("Defendant") Motion to Dismiss. Docket # 13. Plaintiff PRAMCO CV 9, LLC ("Plaintiff") opposed. Docket # 15. Upon reviewing the filings, and the applicable law, Defendant's motion to dismiss is **DENIED**.

**Factual Background**

On June 5, 2008, Plaintiff filed suit against Defendant seeking the foreclosure of a mortgage. Docket # 1. Plaintiff's motion for service by publication was granted by this Court, and summons by publication were issued. Dockets ## 7 & 8. On March 18, 2009, Plaintiffs filed a motion for entry of default, alleging that Defendant failed to file a responsive pleading. Docket # 9. On April 15, 2009, Defendant filed a response to Plaintiff's motion requesting entry of default, accompanied by a motion to dismiss. Dockets ## 12 & 13. According to Defendant, Plaintiff did not publish the service by publication in a newspaper of general circulation in Puerto Rico, and as a result, service was insufficient. Id.

Plaintiff opposed, averring that the service by publication occurred in the Puerto Rico Daily Sun, a newspaper that is distributed daily throughout Puerto Rico, and which publishes

local, national and international news regarding politics, business, sports, and social events, among other issues.

### Standard of Review

*FED. R. CIV. P. 12(b)(2)*

FED. R. CIV. P. 12(b)(2) provides for the dismissal of actions where there is a lack of personal jurisdiction. A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with FED. R. CIV. P. 4. Under Rule 12(b)(2), "the burden is on the plaintiff to prove that personal jurisdiction over the defendant exists." Potugues Santa v. Venable LLP, 497 F. Supp. 2d 295, 296 (D.P.R. 2007) (citing Mass. Sch. of Law v. ABA, 142 F.3d 26, 34 (1st Cir. 1998)). When the court considers the motion to dismiss without a hearing, the plaintiff need only make a *prima facie* showing of jurisdiction. Id.; See also Her-Vill Group Corp. v. Netser Computer Int'May 19, 2009l, No. 06-1648, 2006 U.S. Dist. LEXIS 94613, *5 (D.P.R. 2006) (citing Harlow v. Children's Hosp., 432 F.3d 50, 57 n.3 (1st Cir. 2005). As such, the plaintiff shall proffer "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Negron-Torres v. Verizon Communs., Inc., 478 F.3d 19, 23 (1st Cir. 2007) (citing Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992)). However, the "showing of personal jurisdiction must be based on evidence of specific facts set forth in the record," thus, "[t]he plaintiff must go beyond the pleadings and make affirmative proof." Id. (internal quotation marks omitted).

In determining whether dismissal is appropriate under Rule 12(b)(2), "the court must take facts affirmatively alleged by the plaintiff as true and construe them in the light most favorable to the plaintiff's jurisdictional claim." Id. at 297; Negron-Torres, 478 F.3d 1at 23. The court may also consider any additional facts set forth by the defendant that have not been contradicted

**CIVIL NO. 08-1625 (SEC)**                                                                 Page 3

by the plaintiff. Potugues Santa, 497 F. Supp. 2d at 296. However, courts shall not "credit conclusory allegations or draw farfetched inferences. Negron-Torres, 478 F.3d at 23.

*FED. R. CIV. P. 12 (b)(5)*

FED. R. CIV. P. 12 (b)(5) provides for dismissal due to insufficiency of service. Service of process is insufficient if it does not comply with the procedural requirements set forth in Rule 4. A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006) . Specifically, said rule addresses the delivery or the lack of delivery of the summons and the complaint. Id. The party raising the insufficiency of service bears the burden of specifically establishing how plaintiff failed to satisfy the requirements of service. Id. However, this district has held that the dismissal of a claim "under Fed. R. Civ. P. 12(b)(5) is inappropriate when there is [are] 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Id. Furthermore, if the first service is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service. Id. As a result, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process. Id. District courts possess broad discretion to dismiss the action, or retain the case, and quash the service made on the defendant. Id.

In determining whether dismissal is warranted due to insufficiency of service, the court must analyze the rules governing service of process. Rule 4(e) provides, in pertinent part, that an individual within the judicial district of the United States may be served by following state law for serving a summons. Rule 4.5 of the Puerto Rico Rules of Civil Procedure allows for service by publication when the person to be served is outside of Puerto Rico, or cannot be located despite attempts to locate the person, when the person goes into hiding to avoid being

served, among other circumstances. The party seeking that the court issue an order for service by publication must show the court, through a sworn statement, all the fruitless steps taken to serve the person, and that relief against said person is warranted.

**Applicable Law and Analysis**

Upon review of the record, this Court finds that, in support of its motion requesting entry of default, Plaintiff showed proof of service by publication, specifically, that the same was published in the Puerto Rico Daily Sun on December 11, 2008. See Docket # 9. Although this Court denied Plaintiff's request for entry of default (Docket # 14) in light of Defendant's request for an extension of time to respond (Docket # 10), there is no controversy as to fact that Plaintiff issued service by publication in the Puerto Rico Daily Sun, pursuant to this Court's order. Moreover, Defendant does not contest that service was published in the Puerto Rico Daily Sun. Instead, she argues that said newspaper does not comply with Rule 4.5 insofar as it is not a "daily general circulation newspaper" as defined by the applicable case law. According to Plaintiff, the Puerto Rico Daily Sun began to circulate on October 22, 2008, that is, two months prior to the service by publication was made in this case. She further contends that the newspaper is not "sufficiently well known by the general public so as to meet the principal requirement that the edict being published have the most dissemination possible in the general public." Docket # 13, p. 7. Furthermore, Defendant avers that said newspaper is in the English language, and as such, it is not directed at the most diverse public possible in Puerto Rico.

The Puerto Rico Supreme Court has held that, in determining whether a newspaper is a "daily general circulation newspaper," pursuant to Rule 4.5, courts must consider qualitative and substantive considerations regarding the content of the newspaper, and not only the numerical or geographic distribution of the same. Banco Popular de P.R. v. Negron-Barbosa, 164 P.R. Dec. 855, 867 (2005). The court further noted that "the primary consideration is whether the

**CIVIL NO. 08-1625 (SEC)**                                                                 Page 5

newspaper contains information of general interest." Id. (citations omitted). Moreover, considering that the requisites for service by publication seek to ensure that the defendant is duly notified of all claims against him, the newspaper must be aimed at the general population, assuring that the greatest number of people have access to the information provided therein. Id. at 867-68. This Court also notes that, under Puerto Rico case law, the number of newspapers sold is irrelevant if the newspaper's content includes local and international news articles about politics, business, sports, social events, editorials, regular columns, among others. Id. at 868. Therefore, diversity in its content is a crucial factor when determining whether a newspaper complies with Rule 4.5's general circulation requirement. Id.

Based on the foregoing, this Court finds that although the Puerto Rico Daily Sun was recently created, it is the successor to the San Juan Star, and it is distributed daily throughout Puerto Rico. Furthermore, this Court takes judicial notice that said newspaper includes a legal notices section, which includes service by publication by various entities. Moreover, this district has held that the San Juan Star, a newspaper published in the English language, was a general circulation newspaper in Puerto Rico. Crespo-Caraballo v. USA, 200 F. Supp. 2d 73, 78 (D.P.R. 2002). Therefore, albeit the Puerto Rico Daily Sun is not yet widely known, due to its recent inception, it is nevertheless within the definition of a "daily general circulation newspaper" under Rule 4(e), Rule 4.5, and the applicable case law.[1]

**Conclusion**

Based on the foregoing, Defendants' Motion to Dismiss is **DENIED**.

---

[1] Notwithstanding the above, this Court also notes that, as previously mentioned, the dismissal of a claim under Fed. R. Civ. P. 12(b)(5) is inappropriate when there are "'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant," and district courts possess broad discretion to dismiss the action, or retain the case, and assure that the defendant is properly served. Ramirez de Arellano, 236 F.R.D. at 85. Therefore, even if this Court concluded that service was insufficient, dismissal was not necessarily warranted.

**CIVIL NO. 08-1625 (SEC)**  **Page 6**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 26th day of May, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge