IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PRAMCO CV 9, LLC

    Plaintiff

           v.

ELBA ROSA PESQUERA-SANCHEZ

    Defendant

Civil No. 08-1625 (SEC)

**OPINION AND ORDER**

    Pending before this Court is Plaintiff PRAMCO CV 9, LLC's ("Plaintiff") Motion for Summary Judgment. Docket # 23. Defendant Elba Rosa Pesquera-Sanchez's ("Defendant") filed an Opposition to Motion for Summary Judgment and Motion to Strike Plaintiff's Exhibit C. Docket # 27. Upon reviewing the filings, and the applicable law, Plaintiff's motion for summary judgment is **DENIED**.

**Factual Background**

    On June 5, 2008, Plaintiff filed suit against Defendant seeking the foreclosure of a mortgage. Docket # 1. Plaintiff's motion for service by publication was granted by this Court, and summons by publication were issued. Dockets ## 7 & 8. On March 18, 2009, Plaintiffs filed a motion for entry of default, alleging that Defendant failed to file a responsive pleading. Docket # 9. On April 15, 2009, Defendant filed a response to Plaintiff's motion requesting entry of default, accompanied by a motion to dismiss. Dockets ## 12 & 13. Both parties' requests were denied (Dockets ## 14 & 17), and this Court issued the Case Management Order (Docket # 18). Discovery then ensued. On August 21, 2009, Plaintiff filed the instant motion, arguing that pursuant to the loan documents, mortgage note, and deed, Defendant is obligated to pay $231,658.01 in principal, accrued interest in the amount of $37,657.28 plus interest at the rate

**Civil No. 08-1339 (SEC)**                                                                 2
_____

of 7% until the debt is paid in full, $1,516.96 in late charges, $3,372.58 in escrow deficiencies, and additional disbursement costs, plus costs, and attorney's fees. Docket # 23. In her opposition, Defendant contends that Plaintiff failed to comply with Fed. R. Civ. P. 56, and Local Rule 10(b), and as such, summary judgment is unwarranted. Specifically, Defendant points out that Plaintiff's first three assertions of fact are not supported by the record, and that Exhibit C is in the Spanish language, and has not been properly authenticated.

**Standard of Review**

*FED. R. CIV. P. 56*

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d

**Civil No. 08-1339 (SEC)**                                                                                                    3
_____

112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

   In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact.  Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).  Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion."  Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting from Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . .Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence"); Medina-Muñoz, 896 F.2d at 8 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

   **Applicable Law and Analysis**

   Because the instant motion is for summary judgment, the moving party must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. See Local Rule 56(b). The rule further provides

**Civil No. 08-1339 (SEC)** 4

that "[e]ach fact asserted in the statement shall be supported by a record citation as required by subsection (e)..." In turn, when confronted with a motion for summary judgment, the opposing party must:

> submit with its opposition a separate, short, and concise statement of material facts. The opposition shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation...Local Rule 56(c).

Local Rule 56(e) further provides that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." Moreover, a "court may disregard any statement of material fact not supported by a specific record citation to record material properly considered on summary judgment." Local Rule 56(e). These rules "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Id. at 8. The First Circuit has held that when the parties ignore the Local Rule, they do so at their own peril. See Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

In the instant case, Plaintiff filed a Motion for Summary Judgment, and an accompanying Statement of Uncontested Material Facts ("Plaintiff's SUMF"). Docket # 23. Thereafter Defendant filed a motion to strike Plaintiff's request for summary judgment for non-compliance with the applicable rules. Docket # 27. Upon reviewing the filings, this Court notes that Plaintiff failed to provide record citations in support of its SUMF ¶¶'s 1, 2, 3,[1] and 12, as such, they will be disregarded by this Court. Moreover, Exhibit C, titled "Estudio de Titulo," and included in

---

[1] Albeit Plaintiff did not provide a record citation for SUMF ¶ 4, there is no controversy as to the fact that Defendant is a resident and citizen of Puerto Rico.

**Civil No. 08-1339 (SEC)**                                                                 **5**

support of Plaintiff's SUMF ¶ 13,[2] is in the Spanish language. Plaintiff did not request leave to file said document in the Spanish language, nor filed a Certified English translation of the same in compliance with Local Rule 10(b). Additionally, as Defendant correctly points out, Exhibit C was not properly authenticated. The First Circuit has held that "documents supporting or opposing summary judgment must be properly authenticated," and attached to an affidavit that meets the requirements of Rule 56(e). Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (citations omitted). Since Plaintiff did not include an authenticating affidavit, and Exhibit C is in the Spanish language, said document cannot be considered by this Court upon ruling on the instant motion.

The relevant uncontested facts are as follows. On May 5, 2001, Defendant signed, and delivered a Mortgage Note payable to RG Mortgage for the principal amount of $220,000, with interest at the rate of 7% per annum. Plaintiff's SUMF ¶ 9.[3] On even date, as guarantee of the aforementioned note, Defendant signed Deed Number 401, executed in San Juan, Puerto Rico before Notary Public Humberto Berrios Ramirez. Id. at 10. The Mortgage applies to Defendant's property, located at Mansiones de Altamira, San Juan. Id. at 11.[4]

In light of the foregoing, this Court finds that only Defendant and RG Mortgage appear as parties to the Mortgage Note and Mortgage Deed. Therefore, Plaintiff is not a party to said note and deed, nor has properly evidenced that it is the owner and holder of the same. See

---

[2] Incorrectly numbered as 11.

[3] Incorrectly numbered since it should be ¶ 5, but for purposes of clarity, this Court will consider it ¶ 9.

[4] Exhibit D, provided in support of SUMF ¶ 14, is an affidavit by Marian Hernandez, a Loan Officer at Midwest Servicing, Inc., Plaintiff's loan servicer. Therein, Hernandez states that as of July 27, 2009, certain amounts of money are owed to Plaintiff on loan 107130007. However, there is no explanation regarding the fact that the mortgage and deed are signed by RG and Defendant, and showing that Plaintiff is the owner and holder of said mortgage and deed.

**Civil No. 08-1339 (SEC)**                                                                 6

SUMF ¶ 12. Despite allegations regarding Defendant's alleged breach of contract, *i.e.*, failing to pay the mortgage's monthly installments, Plaintiff failed to show standing to collect payment. Considering that at the summary judgment stage all inferences shall be drawn in favor of the non-movant, this Court concludes that controversy exists as to material issues of fact which precludes summary judgment at this time. This does not preclude Plaintiff from proving its case in due course.

**Conclusion**

Based on the foregoing, Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 17th day of November, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge